**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MONTANA**

**BILLINGS DIVISION**

---

| | |
|---|---|
| BRIAN S. WHITE BEAR, SR. | Cause No. CV-06-054-BLG-RFC-CSO |
| Plaintiff, | |
| vs. | ORDER GRANTING MOTIONS TO PROCEED IN FORMA PAUPERIS AND |
| MONTANA DEPARTMENT Of CORRECTIONS, et al., | FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |
| Defendants. | |

---

Plaintiff is a former state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (*Court Doc. Nos. 4 and 8*). Plaintiff has submitted a declaration and account statements which the Court finds sufficient to make the showing required by 28 U.S.C. §1915(a). Accordingly, the requests to proceed in forma pauperis will be **GRANTED**.[1]

## I. PRELIMINARY SCREENING OF THE COMPLAINT

Pursuant to the federal statute governing prisoner litigation and proceedings in forma pauperis, federal courts must engage in a preliminary screening of cases to assess the merits of the claims. 28 U.S.C. §§ 1915(e)(1) and 1915A. The Court must identify cognizable claims, or

---

[1] The Court recognizes that Plaintiff has now been released from custody. The Court could require Plaintiff to submit an amended motion showing his current economic status, however, given the recommendation below to dismiss the case, the Court is not inclined to do so.

ORDER GRANTING MOTIONS TO PROCEED IN FORMA PAUPERIS AND FINDINGS AND
RECOMMENDATION OF U.S. MAGISTRATE JUDGE TO DISMISS COMPLAINT / PAGE 1

dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted, or if the complaint seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend.  Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).  The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts."  Id. (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)).  Leave to amend is liberally granted to *pro se* litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment."  Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980)).  Additionally, the courts must liberally construe *pro se* pleadings.  Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).

## II.  PARTIES

Plaintiff is a *pro se* litigant who was a state prisoner at the time he filed his complaint. He has since been released from custody.

The named Defendants include twelve Montana State agencies and courts, and individuals within those entities.

## III.  PLAINTIFF'S ALLEGATIONS

Plaintiff's allegations all center around his general complaint that his conviction for failure to maintain his registration as a violent offender pursuant to Mont. Code Ann. § 46-23-501, et. seq.  was improper.

Specifically Plaintiff contends: (1) that the Montana Department of Corrections and Montana State Justice Department breached a written agreement by contract; (2) that the Montana Supreme Court Justices failed to obey the Canons of Judicial Ethics; (3) that the Yellowstone County Sheriff's Department made an unlawful arrest without warrant; (3) that the Yellowstone County District Attorney's Office and the Montana State Attorney General's Office maliciously prosecuted Plaintiff; (4) that Judge Watters of the Thirteenth Judicial District Court failed to comply with the Canons of Judicial Ethics; (5) that the Yellowstone County Public Defenders Office failed to represent him in a professional manner; (6) that the Montana State Probation and Parole Department failed to come to his aid; and (7) that the Montana State Prison and the Missoula County Regional Prison refused to hand over discharge documents which concerned Plaintiff's innocence of the failure to register charge.

Plaintiff also accuses the State of Montana's judicial system as "using us 'Montana Native American Indian Inmates' throughout this Montana State Prison System and the Montana Department of Corrections as a 'Piece of Commodity Collateral Material.'" Plaintiff also makes RICO allegations and allegations of conspiracy.

IV.  ANALYSIS

While there are numerous problems with Plaintiff's Complaint (including issues of judicial immunity, prosecutorial immunity and failure to raise a violation of his federal constitutional rights), the Court recommends that Plaintiff's Complaint be dismissed on the basis of Heck v. Humphrey, 512 U.S. 477, 480 (1994).

Where a prisoner challenges the fact or duration of his confinement, his sole federal remedy is a writ of habeas corpus.  Preiser v. Rodriguez, 411 U.S. 475, 488-490 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1989).  In contrast, a civil rights action pursuant to 42 U.S.C. §

1983 is proper where a prisoner wishes to challenge the conditions of his confinement.  Id.  Each claim provides a prisoner with access to the federal courts for "claims of unconstitutional treatment at the hands of state officials, but they differ in their scope and operation."  Heck, 512 U.S. at 480.  In Heck, the Supreme Court clarified the distinguishing characteristics of the two actions and held that,

> when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint **must be dismissed** unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 487 (emphasis added).  In such a case, a prisoner's sole federal remedy is a writ of habeas corpus.  See Preiser, 411 U.S. 475.

Plaintiff's claims while described in a number of different ways in Plaintiff's Complaint and Amended Complaint all center around what he contends is his unlawful conviction for failing to maintain his registration as a violent offender.  A ruling in favor of Plaintiff on any of these claims would imply the invalidity of his conviction or sentence.  Since Plaintiff's conviction has been affirmed on appeal by the Montana Supreme Court, he cannot demonstrate that the conviction has been invalidated and his complaint must be dismissed pursuant to Heck.

Plaintiff's sole federal remedy to challenge the validity of his underlying conviction is a federal writ of habeas corpus.  While there are some exceptions to Heck when habeas relief is unavailable, those exceptions are not available to challenge an underlying conviction such White Bear's.  See Guerrero v. Gates, 442 F.3d 697, 705 (9th Cir. 2006).[2]

---

[2] The Court does not herein conclude that habeas relief is unavailable to Plaintiff.  Plaintiff filed a petition for post-conviction relief in the state district court which was responded to on December 5, 2005. (See Court's Doc. No. 6-4, Exhibit D).  There is no indication in Plaintiff's documents whether there has been a ruling on that petition or whether Plaintiff has appealed any

Based upon the foregoing, the Court makes the following:

## ORDER

Plaintiff's Motions to Proceed In Forma Pauperis *(Court's Doc. Nos. 4 and 8)* are **GRANTED.**

Further, the Court enters the following:

## RECOMMENDATION

Plaintiff's Complaint and Amended Complaint *(Court's Doc. Nos. 1 and 7)* should be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted. In addition, the Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike with regard to the Prison Litigation Reform Act, 28 U.S.C. § 1915(g).

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

The Clerk of Court shall serve a copy of this Findings and Recommendation of the United States Magistrate Judge upon Plaintiff. Plaintiff is advised that pursuant to 28 U.S.C. § 636(b)(1), he has the right to file written objections to this Findings and Recommendation. Any objections to the Findings and Recommendation must be filed with the Clerk of Court within twenty (20) days after the signing of this recommendation, or objection is waived.

DATED this 16th day of February, 2007.

/s/ *Carolyn S. Ostby*
Carolyn S. Ostby
United States Magistrate Judge

---

such ruling.